**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

BILL WINFIELD CONARD,
          *Defendant-Appellant.*

No. 02-4198

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-01-286)

Submitted: November 22, 2002

Decided: January 27, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Louis H. Lang, CALLISON, TIGHE & ROBINSON, L.L.P., Columbia, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bill Winfield Conard was convicted of armed bank robbery (Count 1), under 18 U.S.C. § 2113(a), (d) & (e) (2000), using and carrying a firearm in relation to a crime of violence (Count 2), under 18 U.S.C. § 924(c) (2000), and possession of a firearm by a felon having three previous violent felonies (Count 3), under 18 U.S.C. §§ 922(g), 924(e) (2000). Conard received a life sentence for Count 1, a five-year consecutive sentence for Count 2, and a fifteen-year concurrent sentence for Count 3.

On appeal, Conard's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues, whether the district court: (1) erred by denying Conard's motion to suppress evidence found in the car; (2) erred by denying Conard's motion for acquittal on the grounds of insufficient evidence; and (3) erred by finding that Conard was subject to a mandatory life sentence under 18 U.S.C. § 3559(c)(1) (2000). For the reasons that follow, we affirm.

First, the district court properly denied Conard's motion to suppress the search of the vehicle because as a mere passenger, he lacked a legitimate expectation of privacy in the areas of the vehicle that were searched. *Rakas v. Illinois*, 439 U.S. 128, 148-49 (1978). Second, there was ample evidence to support Conard's convictions. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Finally, the district court properly determined that Conard was subject to a mandatory life sentence under 18 U.S.C. § 3559(c), which is not affected by the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We have examined the entire record in this case, in accordance with the requirements of *Anders*, including the claims raised in Conard's pro se supplemental brief, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*